**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003608
09-FEB-2021
07:54 AM
Dkt. 101 MO**

NO. CAAP-13-0003608

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MICAL SIMON, SHAWN SIMON, and THATCHER TROMBLEY,
Petitioners-Appellees,
v.
RANDY ANDREWS and ELISA ANDREWS; BIG ISLAND ECO-ADVENTURES, LLC,
a Hawaiʻi Limited Liability Company,
Respondents-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P. NO. 13-1-031K)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Respondents-Appellants Randy Andrews and Elisa Andrews (**the Andrews**) appeal from the "Order Granting Petitioners Mical Simon, Shawn Simon and Thatcher Trombley's Motion to Confirm Arbitrator's Findings of Fact and Conclusions of Law and Award Dated July 9, 2013" (**Order Granting Motion to Confirm Arbitration Award**) and Judgment, both entered on August 27, 2013, by the Circuit Court of the Third Circuit (**circuit court**).[1]

On appeal, the Andrews contend the circuit court erred in confirming an arbitration award because the arbitrator exceeded his authority and the Arbitration Award violated public policy.  For the reasons discussed below, we affirm.

## I.  Background

### A.  Bankruptcy Stay In This Appeal

This appeal was delayed due to a bankruptcy petition filed by the Andrews and, subsequently, the failure of the

---

[1]  The Honorable Elizabeth A. Strance presided.

parties to notify the court that the bankruptcy case had been terminated.  After the parties had completed the filing of appellate briefs on April 30, 2014, Respondents-Appellees Mical Simon and Shawn Simon (**the Simons**) and Thatcher Trombley (**Trombley**) filed a notice on May 29, 2014, advising the court that the Andrews had filed a bankruptcy petition on May 2, 2014, in the United States Bankruptcy Court for the District of Hawaii. This appeal was therefore stayed.

Subsequently, none of the parties advised the court about the status of the bankruptcy proceeding, as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 54(b) and (c). On November 15, 2017, the court issued an Order And Order To Show Cause (**Order to Show Cause**) requiring the parties to notify the court regarding the status of the bankruptcy case and to show cause why the appeal should not be dismissed for lack of prosecution.

On November 20, 2017, Ted Hong (**Hong**), counsel for the Andrews, responded to the Order to Show Cause and advised the court, *inter alia*, that he had not been aware of his clients' bankruptcy filing, the bankruptcy case was dismissed on June 12, 2014[2] due to the Andrews' failure to file required documents, Hong was not notified of the dismissal of the bankruptcy case, and that in September 2014, the circuit court had granted Hong's motion to withdraw filed in that court.  Notwithstanding the above, Hong had never filed any motion in this court seeking to withdraw as counsel in this appeal.  Hong's response further requested that, because all briefs had been submitted in the appeal, a decision be rendered.

On May 17, 2018, this court issued an order recognizing that the bankruptcy stay had been lifted and ordering the case to be made ready.

B.    **Relevant Facts**

This case arises from a business dispute related to a zip line adventure tour business, Big Island Eco-Adventures, LLC (**BIEA**), located near Hāwī in North Kohala.  On March 11, 2011,

---

[2]  The bankruptcy case was actually dismissed on June 10, 2014.

the Simons and Trombley, who helped develop the business with the Andrews, demanded arbitration, which took place from April 8-12, 2013.  On July 9, 2013, the arbitrator entered findings of fact, conclusions of law, and awarded $1,255,615.67 in favor of the Simons and Trombley, and against the Andrews and BIEA (**Arbitration Award**).

    **1.    This Proceeding on Motion to Confirm: S.P. No. 13-1-31K and CAAP-13-0003608**

On July 16, 2013, the Simons and Trombley filed a motion in circuit court, in S.P. No. 13-1-31K, seeking to confirm the Arbitration Award pursuant to Hawaii Revised Statutes (**HRS**) §§ 658A-22 and 658A-25 (Supp. 2011)[3] (**Motion to Confirm Arbitration Award**).  In opposition, the Andrews essentially asserted grounds for vacatur under HRS § 658A-23 (Supp. 2011).[4]

---

[3]  HRS § 658A-22 provides:

> **Confirmation of award.**  After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

HRS § 658A-25 provides:

> **Judgment on award; attorney's fees and litigation expenses.**  (a) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith.  The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.
> (b) A court may allow reasonable costs of the motion and subsequent judicial proceedings.
> (c) On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23, or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

[4]  HRS § 658A-23 provides, in pertinent part:

> **Vacating award.**  (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
>     (1)   The award was procured by corruption, fraud, or other undue means;
>     (2)   There was:

(continued...)

3

Specifically, the Andrews argued that:  the arbitrator exhibited evident partiality towards counsel for the Simons and Trombley, see HRS § 658A-23(a)(2)(A); there was misconduct by the arbitrator prejudicing the rights of the Andrews, see HRS § 658A-23(a)(2)(C); the arbitrator refused to postpone the hearing for a reasonable period of time, see HRS § 658A-23(a)(3); the arbitrator exceeded his powers by forcing the Andrews to defend themselves as individuals based on a business entity (BIEA) that was ordered by the arbitrator and stipulated by the parties to be dissolved, see HRS § 658A-23(a)(4); and there was no agreement for the Andrews, individually, to arbitrate the matter, see HRS § 658A-23(a)(5).  In addition, the Andrews argued that the Arbitration Award violated public policy.

On August 27, 2013, after a hearing, the circuit court entered the Order Granting Motion to Confirm Arbitration Award and Judgment.

The Andrews appealed, resulting in this appeal, CAAP-13-0003608.

---

[4](...continued)

    (A)    Evident partiality by an arbitrator appointed as a neutral arbitrator;
    (B)    Corruption by an arbitrator; or
    (C)    Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
  (3)    An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 658A-15, so as to prejudice substantially the rights of a party to the arbitration proceeding;
  (4)    An arbitrator exceeded the arbitrator's powers;
  (5)    There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 658A-15(c) not later than the beginning of the arbitration hearing; or
  (6)    The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 658A-9 so as to prejudice substantially the rights of a party to the arbitration proceeding.

## 2. Separate Proceeding on Motion to Vacate: S.P. 13-1-033K and CAAP-14-0000579

On July 23, 2013, in a separate circuit court proceeding, S.P. No. 13-1-033K, the Andrews filed an application to vacate the Arbitration Award (**Motion to Vacate**), asserting grounds similar to those asserted in opposition to the Motion to Confirm Arbitration Award.  The separate actions to confirm and to vacate the Arbitration Award were never consolidated.

On February 28, 2014, the circuit court issued an order denying the Andrews' Motion to Vacate on grounds that the court lacked jurisdiction (**Order Denying Motion to Vacate**).[5]

On March 20, 2014, the Andrews appealed the Order Denying Motion to Vacate, which became CAAP-14-0000579.  On May 29, 2014, before any appellate briefs were filed in CAAP-14-0000579, the Simons and Trombley filed a notice that the Andrews had filed for bankruptcy.  On November 15, 2017, we issued an order in that appeal for the parties to notify this court about the status of the Andrews' bankruptcy case and an order to show cause why that appeal should not be dismissed for failure to prosecute.  In a response dated November 17, 2017, Hong represented that he had not been informed of the Andrews' bankruptcy matter or its dismissal and that he had not been in communication with the Andrews.  Hong requested that CAAP-14-0000579 be dismissed, as there was no just reason to support continuing the appeal.

On February 14, 2018, we entered an order in CAAP-14-0000579 requiring Hong, *inter alia*, to: file certified copies of the appropriate bankruptcy court documents; notify the Andrews that this court will dismiss the appeal for failure to prosecute without a showing of good cause why the appeal should not be

---

[5]  The Honorable Ronald Ibarra presided at the January 21, 2014 continued hearing on the Motion to Vacate and the corresponding order denying the Motion to Vacate.  We take judicial notice of the court records in Andrews, et al. v. Simon, et al., No. CAAP-14-0000579, which include the records in S.P. 13-1-033K.  See Uyeda v. Schermer, 144 Hawaiʻi 163, 172, 439 P.3d 115, 124 (2019), reconsideration denied, No. SCWC-16-0000200, 2019 WL 1500014 (Apr. 4, 2019) (citation omitted) (recognizing the "validated practice of taking judicial notice of a court's own records in an interrelated proceeding where the parties are the same[.]").

dismissed; and submit a declaration indicating the Andrews' position on the question of whether the appeal should be dismissed for failure to prosecute.

On March 2, 2018, Mark Van Pernis (**Van Pernis**), counsel of record for the Simons and Trombley, responded to the February 14, 2018 order and informed this court that he "believed this matter to have been pau many, many years ago" and that he had not been in communication with the Simons and Trombley for the same amount of time.

On March 16, 2018, Hong responded to the February 14, 2018 order, attaching the requested certified documents and advising this court that despite multiple attempts to communicate with the Andrews, they had not contacted Hong's office and he is unable to provide this court with their position on the question of whether the appeal should be dismissed for failure to prosecute.

On May 15, 2018, based on Van Pernis and Hong's responses, we dismissed CAAP-14-0000579 due to the Andrews' failure to prosecute.

## II.  Discussion

### A.  Any Arguments Under HRS § 658A-23 to Vacate the Award Are Waived

The Andrews raise a variety of arguments on appeal asserting that the arbitrator exceeded his authority and thus the circuit court erred in entering the Order Confirming Arbitration Award.[6]  These arguments are subject to HRS § 658A-23 and were properly brought as part of the Andrews' Motion to Vacate. However, the proceedings related to the Motion to Vacate have been terminated, with the Andrews' appeal from the Order Denying Motion to Vacate having been dismissed in CAAP-14-0000579.

---

[6]  The Andrews argue the arbitrator lacked authority to hold the Andrews individually liable when there was no agreement to (1) hold individual members liable, (2) arbitrate the terms and conditions of a Novation Agreement that did not contain any arbitration requirement or establish any legal duty, and/or (3) arbitrate a "conflict of interest" claim when any conflicts of interest were expressly waived in the corporate documents and by law.

The plain language of HRS § 658A-22 provides:

> After a party to an arbitration proceeding receives notice
> of an award, the party may make a motion to the court for an
> order confirming the award at which time the court <u>shall</u>
> issue a confirming order <u>unless</u> the award is modified or
> corrected pursuant to section 658A-20 or 658A-24 or is
> vacated pursuant to section 658A-23.

(Emphases added).  Given HRS § 658A-22, as well as the Hawaiʻi
Supreme Court's interpretation of predecessor analogous
provisions in HRS Chapter 658, unless a party properly seeks to
modify, correct or vacate an arbitration award as allowed under
HRS §§ 658A-20, 658A-24 or 658A-23, the party waives the right to
challenge confirmation of the award on those grounds.  <u>See</u>
<u>Excelsior Lodge No. One, Indep. Order of Odd Fellows v. Eyecor,</u>
<u>Ltd.</u>, 74 Haw. 210, 222–23, 847 P.2d 652, 658 (1992) (holding
that, under analogous predecessor statutes in HRS Chapter 658, a
party who failed to challenge an arbitration award under statutes
allowing motions to vacate, modify or correct an award, was
foreclosed from challenging an order confirming the award);
<u>Mathewson v. Aloha Airlines, Inc.</u>, 82 Hawaiʻi 57, 82, 919 P.2d
969, 994 (1996); <u>Tatibouet v. Ellsworth</u>, 99 Hawaiʻi 226, 233, 54
P.3d 397, 404 (2002) ("HRS §658-8 contemplates a judicial
confirmation of the award issued by the arbitrator, unless the
award is vacated, modified, or corrected in accord with HRS
§§ 658-9 and 658-10.") (citations and internal quotation marks
omitted); <u>Hawaiʻi Elec. Light Co., Inc. v. Tawhiri Power LLC</u>, No.
CAAP-11-0000163, 132 Hawaiʻi 183, 320 P.3d 417, 2014 WL 812938, at
*1-2 (App. Feb. 28, 2014) (SDO) ("the court <u>must</u> confirm the
award '<u>unless</u> the award is modified or corrected pursuant to
section 658A-20 or 658A-24 or is vacated pursuant to section
658A-23.'") (emphases in original); <u>Blau v. AIG Hawaii Ins. Co.</u>,
No. CAAP-11-0000713, 133 Hawaiʻi 449, 329 P.3d 354, 2014 WL
2949437, at *1-2 (App. June 30, 2014) (SDO) (quoting same).

The Hawaiʻi Supreme Court in <u>Excelsior</u> expressly held
that:

> a party who seeks to change an arbitration award, but
> fails to follow the specific statutory provisions for
> challenging the award by timely bringing a motion
> under either §§ 658-9 or 658-10, is foreclosed from

7

> subsequently appealing a § 658-8 confirmation order
> under HRS § 658-15.

74 Haw. at 227, 847 P.2d at 660 (footnote omitted).

Here, in S.P. No. 13-1-033K, the Andrews did not seek to modify or correct the arbitration award under HRS § 658A-24, but did seek to vacate the award under HRS § 658A-23.  The circuit court denied their Motion to Vacate.  Subsequently, the Andrews appealed that decision in CAAP-14-0000579, but ultimately that appeal was dismissed due to their failure to prosecute the appeal. Given these circumstances, the proceeding by which the Andrews sought to vacate the arbitration award under HRS § 658A-23 has terminated, and the Andrews have waived their appeal of the circuit court's decision in S.P. No. 13-1-33K denying the Motion to Vacate.

Therefore, the Andrews may not assert in this appeal any bases to vacate or change the arbitration award under either HRS § 658A-23 (vacating an award) or HRS § 658A-24 (modification or correction of an award).  See Schmidt v. Pac. Benefit Servs., Inc., 113 Hawaiʻi 161, 161, 150 P.3d 810, 810 (2006), as corrected (July 6, 2006) (concluding appeal from confirmation of award is restricted to grounds set forth in timely motion to vacate).

**B.    The Circuit Court Properly Concluded That the Arbitration Award Did Not Violate Public Policy**

In their second point of error, the Andrews contend that the Arbitration Award violated public policy by (1) holding the Andrews liable for failing to preserve and sell the business as a "going concern" when the arbitrator and all parties previously agreed to dissolve the business, (2) unlawfully intruding into the Andrews' personal lives by restricting their right to conduct personal financial transactions, and (3) communicating ex parte with opposing counsel.  Even though at this juncture the Andrews only challenge the Order Granting Motion to Confirm Arbitration Award, and the proceeding as to the Motion to Vacate is concluded, the Andrews may still challenge the Arbitration Award on public policy grounds because the public policy exception "does not fit within the literal definition of vacating, modifying

8

or correcting an award under the express provisions of HRS chapter 658."  United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Hawaiʻi-Holiday Pay (2003-022B), 125 Hawaiʻi 476, 490-91, 264 P.3d 655, 669-70 (App. 2011) (quoting Inlandboatmen's Union of the Pac., Hawaiʻi Regio, Marine Div. of Int'l Longshoremens & Warehousemen's Union v. Sause Bros., Inc., 77 Hawaiʻi 187, 193, 881 P.2d 1255, 1261 (App. 1994) (**Sause Bros.**)).  Further, the Andrews raised their public policy arguments in the circuit court.

"Hawaiʻi case law recognizes 'that there is a limited public policy exception to the general deference given arbitration awards.'"  In re Grievance Arbitration Between State Org. of Police Officers, 135 Hawaiʻi 456, 465, 353 P.3d 998, 1007 (2015) (**SHOPO**) (quoting Sause Bros., 77 Hawaiʻi at 194, 881 P.2d at 1262).  This public policy exception is based on the exception recognized by the United States Supreme Court in United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29 (1987).  Id. (citing Sause Bros., 77 Hawaiʻi at 194, 881 P.2d at 1262) (adopting the public policy exception of Misco and directing that the exception should be applied under the guidelines set forth in Misco)."

> A court's refusal to enforce an arbitrator's award . . . because it is contrary to public policy is a specific application of the more general doctrine, rooted in the common law, that a court may refuse to enforce contracts that violate law or public policy.  [The 'public policy' exception] derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act, and is further justified by the observation that the public's interests in confining the scope of private agreements to which it is not a party will go unrepresented unless the judiciary takes account of those interests when it considers whether to enforce such agreements.

Matter of Hawaiʻi State Teachers Ass'n, 140 Hawaiʻi 381, 400, 400 P.3d 582, 601 (2017) (brackets and ellipsis in original) (quoting Sause Bros., 77 Hawaiʻi at 193, 881 P.2d at 1261 (quoting Misco, 484 U.S. at 42))).  Accordingly, under Misco:

> First, the court must determine whether there is an explicit, well defined, and dominant public policy that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.  Second, the court must determine whether the arbitration award itself is

> clearly shown to be "contrary" to the "explicit,
> well-defined, and dominant public policy."

SHOPO, 135 Hawaiʻi at 465, 353 P.3d at 1007 (internal quotation
marks and citations omitted) (emphases added).  "[A] refusal to
enforce an [arbitration] award must rest on more than speculation
or assumption." Sause Bros., 77 Hawaiʻi at 194, 881 P.2d at 1262
(quoting Misco, 484 U.S. at 44).

The Andrews assert that the Arbitrator's Award
improperly rejected the business judgment rule under HRS
§ 428-404(b)(1) (2004) ("In a manager-managed limited liability
company: . . . The manager or managers have the exclusive
authority to manage and conduct the company's business").  The
Andrews cite Lussier v. Mau-Van Dev., Inc., 4 Haw. App. 359, 376,
667 P.2d 804, 817 (1983), which holds that:

> the business judgment rule requires a shareholder who
> challenges a nonself-dealing transaction to prove that the
> corporate director or officer in authorizing the transaction
> (1) failed to act in good faith, (2) failed to act in a
> manner he reasonably believed to be in the best interest of
> the corporation, or (3) failed to exercise such care as an
> ordinarily prudent person in a like position would use in
> similar circumstances.

(citation and footnote omitted); see also Fujimoto v. Au, 95
Hawaiʻi 116, 148-49, 19 P.3d 699, 731-32 (2001) (stating that
conduct meets the business judgment rule when, "in making a
business decision, the directors have acted on an informed basis,
in good faith, and in the honest belief that the action taken was
in the best interests of the company").

Even if we assume the business judgment rule is an
"explicit, well-defined, and dominant public policy," SHOPO, 135
Hawaiʻi at 465, 353 P.3d at 1007, the Andrews fail to clearly
demonstrate that the arbitration award is contrary to the business
judgment rule.  The Andrews argue that the arbitrator improperly
determined that the business judgment rule was inapplicable to
their decision not to sell BIEA as a "going concern," which they
contend was contrary to the arbitrator's prior rulings and the
parties' stipulation to dissolve BIEA.  However, an agreement to
dissolve is not inconsistent with selling a company as a going
concern.  Here, the arbitrator found that, at the time the Andrews
made the decision to "take down BIEA and its operating plant and

distribute its assets on a piecemeal basis[,]" it "was a highly successful business making a substantial profit," but "the Andrews had a personal interest in BIEA not continuing as an operating business in close proximity to their new second zip line business[,]" and "the Andrews made no effort to explore the possibility of selling BIEA as an ongoing concern."  The arbitrator concluded that:

> 15.   The "business judgment rule" does not apply to the decision by the ANDREWS to take down BIEA and to destroy its operating plant and to sell its assets on a piecemeal basis because at the time the ANDREWS made that decision they had a conflict of interest.

This determination does not clearly show that the Arbitration Award is contrary to public policy.

As for the Andrews' claim of evident partiality and misconduct, this does not fall within the public policy exception, but is a basis for vacatur, which the Andrews have waived by abandoning their appeal in CAAP-14-0000579.

The Andrews have failed to demonstrate that the Arbitration Award is clearly contrary to an explicit, well-defined, and dominant public policy that would warrant a refusal to enforce the Arbitration Award.

### III.  Conclusion

Based on the foregoing, we affirm the "Order Granting Petitioners Mical Simon, Shawn Simon and Thatcher Trombley's Motion to Confirm Arbitrator's Findings of Fact and Conclusions of Law and Award Dated July 9, 2013" and the Judgment, both entered on August 27, 2013, by the Circuit Court of the Third Circuit.

DATED:  Honolulu, Hawaiʻi, February 9, 2021.


On the briefs:                        /s/ Lisa M. Ginoza
                                      Chief Judge
Ted H.S. Hong,
for Respondents-Appellants.           /s/ Katherine G. Leonard
                                      Associate Judge
Mark Van Pernis,
Gary W. Vancil,                       /s/ Karen T. Nakasone
for Petitioners-Appellees.            Associate Judge